

**FILED**
**FEBRUARY 9, 2021**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Vulnerable Adult Petition for: | ) ) ) | No. 36856-4-III |
| MARY JEWEL GREEN. | ) ) | |
| THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | ) ) ) | UNPUBLISHED OPINION |
| Respondent, | ) ) | |
| v. | ) ) | |
| JEROME KEITH GREEN, | ) ) | |
| Appellant. | ) | |

PENNELL, C.J. — Jerome Green appeals a vulnerable adult protection order

(VAPO) prohibiting him from sleeping overnight at a home he jointly owns with his

mother and visiting his mother without another adult being present, and invalidating his

status as his mother's attorney-in-fact. We affirm.

FACTS

Mary Green is Jerome Green's mother. She is 100 years old, blind, and suffers

from dementia. She is unable to walk on her own or provide self-care, and requires

constant supervision. Ms. Green also has a narrowed esophagus that places her at risk of

choking. Her doctors have recommended she eat sitting up and be monitored for 30 minutes after eating. Ms. Green's food must be chopped into small pieces and she is to avoid foods that present choking hazards such as nuts and grapes. Signs around Ms. Green's home inform caregivers and family members of Ms. Green's dietary needs.

Mr. Green lived with his mother and helped with her caregiving. Mr. Green has a sister who lives nearby and the two were often in conflict over their mother. Between July and December 2018, the siblings obtained numerous alternating powers of attorney from their mother. When this case began, Mr. Green was the holder of his mother's power of attorney.

The Department of Social and Health Services petitioned for a VAPO, alleging Mr. Green was placing his mother at risk by neglecting her needs. Of concern were Mr. Green's failure to abide by his mother's dietary restrictions and his tendency to leave her home alone, unattended.

A superior court commissioner held a hearing on the petition. The court considered various exhibits along with testimony from Mr. Green and a Department representative.[1]

---

[1] A transcript of the evidentiary portion of the hearing has not been made part of the record. The parties disagree about the extent to which exhibits played a role at the hearing. Because there is no transcript, we cannot discern the importance of the documentary evidence considered at the hearing.

The court found Mr. Green's failure to comply with his mother's dietary restrictions constituted neglect. The court issued a VAPO prohibiting Mr. Green from being in his mother's house without another adult present, from providing her food, and from sleeping overnight in the home. The court also revoked the power of attorney. The court's order indicated Mr. Green could petition to remove his restrictions once he demonstrated an awareness of his mother's dietary needs.

Mr. Green sought revision of the commissioner's order. A superior court judge granted revision in part and remanded on the issue of Ms. Green's ability to consent or object to the VAPO.

On remand, the commissioner questioned whether the Department had perfected service of the petition on Ms. Green and adequately provided notice to Ms. Green of her rights in the VAPO proceedings. The court ordered the Department to address the issues of service and notice, and continued the matter to allow for Ms. Green's input. Ultimately, Ms. Green did not respond to the petition or assert her position. When court reconvened, the commissioner found Ms. Green lacked capacity to consent to the VAPO and that she had not voiced an objection to the VAPO. The commissioner then reaffirmed the court's prior findings, which were supported by a preponderance of the evidence.

Jerome Green filed this timely appeal from the VAPO proceedings in the superior court.

ANALYSIS

The Abuse of Vulnerable Adults Act (AVAA), chapter 74.34 RCW, was enacted to protect vulnerable adults from abuse, neglect, financial exploitation, or abandonment. RCW 74.34.005(1). A "vulnerable adult" includes a person "[s]ixty years of age or older who has the functional, mental, or physical inability to care for [themselves]." RCW 74.34.020(22)(a). The Department is charged with protecting vulnerable adults. RCW 74.34.005(6). One method of protection is to file for a VAPO. RCW 74.34.110, .150.

*Adequacy of service / notice*

Mr. Green claims the commissioner lacked subject matter jurisdiction over the vulnerable adult petition based on the flaws with service on Ms. Green. We disagree.

When the Department petitions for a VAPO on behalf of a vulnerable adult, it must serve the petition not only on the respondent but also the vulnerable adult. RCW 74.34.120. The Department must also serve a separate notice on the vulnerable adult explaining the purpose and nature of the petition and the rights of the vulnerable adult to participate in the proceedings, and the right to either support or object to the

4

petition. RCW 74.34.115(1)(c). The AVAA states service on the vulnerable adult shall take place "not less than six court days before" a hearing on the petition. RCW 74.34.120(3). But the AVAA's deadlines are not absolute. If the service of process deadlines are not met, the court may continue the case to allow for adequate service. RCW 74.34.120(4).

Here, the commissioner followed the AVAA's guidance and continued final disposition of the VAPO petition to allow for satisfaction of the AVAA's notice requirements. The court did not lose its broad jurisdictional authority to adjudicate the petition.

*Standard of proof*

Mr. Green asserts the commissioner incorrectly held the Department to a preponderance of evidence standard of proof. According to Mr. Green, the court should have applied the higher clear and convincing evidence standard. We disagree.

To enter a VAPO, the court must find an adult has been abandoned, abused, exploited, or neglected. *See* RCW 74.34.110(2). This court has held the standard of proof generally applicable at VAPO proceedings is "a preponderance of the evidence." *Kraft v. Dep't of Soc. & Health Srvs.*, 145 Wn. App. 708, 716, 187 P.3d 798 (2008). But when the alleged vulnerable adult contests the petition, the standard of proof is more rigorous.

In those situations, a VAPO must be justified by clear and convincing evidence. *In re Vulnerable Adult Petition for Knight*, 178 Wn. App. 929, 939-40, 317 P.3d 1068 (2014).

Mary Green did not contest the VAPO petition. She remained silent. Given this circumstance, the higher burden of proof was not triggered. The superior court correctly decided the petition by using the preponderance of the evidence standard.

We reject Mr. Green's claim that because he held a power of attorney, he could validly object to the petition on his mother's behalf. As the holder of the power of attorney, Mr. Green owed his mother a fiduciary duty not to place his interests in conflict with hers. RCW 11.125.140(2)(b). Here, there was a clear conflict. Mr. Green had an interest in avoiding a VAPO; his mother's interest was to be protected from neglect. Mr. Green's power of attorney did not, therefore, permit him to object to the petition on his mother's behalf. An objection that constitutes a breach of fiduciary duty carries no legal weight. Instead, any objection had to come from Ms. Green herself.

*Adequacy of findings*

Mr. Green complains the superior court did not make any findings about whether he abused or neglected his mother. We disagree. The court made clear it found Mr. Green committed acts of neglect. At the outset of the hearing, the court identified the issue in the case as whether Mr. Green had committed "neglect." Clerk's Papers (CP) at 81. During

the hearing, the court stated it had "made a finding of neglect." *Id*. at 94. And when the

court entered its written findings, it underlined the word "neglect" on the court's standard

VAPO form, thereby signifying it had found Mr. Green had committed acts of neglect.[2]

The record unequivocally shows the court made a finding of neglect, not abuse. Mr.

Green's complaint about the adequacy of the findings fails.

*Revocation of power of attorney*

Under the AVAA, superior courts have broad authority to order relief as

"necessary for the protection of the vulnerable adult." RCW 74.34.130. This provision

amply justified revoking Mr. Green's power of attorney. As noted by the superior court,

Mr. Green and his sister took advantage of Ms. Green by "tromping her out to attorney's

offices" to sign alternating powers of attorney. CP at 82-83. In addition, Mr. Green

violated his fiduciary duty under the power of attorney by attempting to use his status as

his mother's attorney-in-fact to further his personal interest in avoiding the VAPO.

---

[2] The standard VAPO form provides the following proposed finding: "Respondent committed acts of abandonment, abuse, neglect, and/or financial exploitation of the vulnerable adult." The court underlined the word "neglect." *Id*. at 62. This sufficiently clarified that the court's finding was limited to neglect. It was not necessary for the court to also delete the other possible alternative findings.

A power of attorney is a potent document. It authorizes the holder to make significant decisions on behalf of the principal. As a matter of common sense, an individual found to have abused, neglected, exploited, or abandoned a vulnerable adult generally should be barred from serving as the adult's agent through a power of attorney. Mr. Green's case presents no reason for departing from this general rule. The power of attorney was properly revoked.

*Constitutional claims*

For the first time on appeal, Mr. Green raises a variety of constitutional challenges to the VAPO. Mr. Green claims the law enforcement officers who served him with the petition for a VAPO engaged in an unconstitutional search; he argues he was denied substantive due process when the Department failed to treat him similar to a paid caregiver; and he contends he was the victim of an unconstitutional takings because he was forced out of his home. The current record[3] fails to demonstrate a manifest constitutional error warranting appellate review of Mr. Green's complaints. *See* RAP 2.5(a). We briefly address Mr. Green's constitutional claims as follows:

---

[3] Again, the record on review does not include the evidentiary portion of the original VAPO hearing. When it comes to his constitutional claims, most of the factual allegations contained in Mr. Green's brief are not accompanied by references to the record. *See* RAP 10.3(a)(6).

- Unconstitutional search. The record does not clarify the manner in which the alleged search took place, what sort of information may have been obtained, or how an allegedly illegal search pertains to the VAPO. Mr. Green does not cite any authority explaining why a protection order should be invalidated based on an allegedly illegal search.

- Due process. Mr. Green fails to show he was treated arbitrarily. The superior court determined Mr. Green was provided sufficient information to care for his mother, but he refused to take protective measures. It is not unfair or irrational to seek a VAPO in such circumstances.

- Unconstitutional taking. Nothing in the record indicates the State has invaded Mr. Green's home or appropriated his property for public use. This case raises the common scenario of what to do when the subject of a protection order and a protected party reside in a shared home. In such circumstances, the subject of the order may be required to move out. RCW 74.34.130(2). Doing so does not deprive either party of their financial interests in the property. There is no governmental taking.

No. 36856-4-III
*In re Vulnerable Adult Petition for Green*

CONCLUSION

The superior court's orders are affirmed. Mr. Green's request for attorney's fees is denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

10